IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL G. PETERS, § | | |
| TDCJ #2019190, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-15-3035 | |
| § | | |
| BB&T BANK, § | | |
| Defendant. § | | |

### MEMORANDUM AND ORDER

Plaintiff Michael G. Peters (TDCJ #2019190; former Montgomery County #551534) is an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Peters has filed a civil action for damages against BB&T Bank, alleging that Peters' sister has taken funds from his bank account without his authorization. Because he has not paid the filing fee, Peters presumably requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.   DISCUSSION**

As an initial matter, the Court notes that Peters styles his hand-written complaint as a "Writ of Habeas Corpus For a Petition to Sue BB&T Bank." Doc. # 1. Peters' claims are not actionable under the federal habeas corpus statutes because he

does not seek relief in the form of release from confinement. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that the writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the "fact of confinement"). Accordingly, his submission is a civil action that is subject to the Prison Litigation Reform Act (the "PLRA"). *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("litigious prisoners" may not circumvent the PLRA by pleading habeas claims as components of § 1983 suits or by "creative joinder of actions").

Under the "three strikes" rule found in the PLRA, 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

A national case index reflects that, while incarcerated in TDCJ or the Montgomery County Jail, Peters has filed at least three previous civil actions that have been dismissed by the federal courts as frivolous, malicious or for failure to state a

claim:  (1) *Peters v. Gilbert*, Civil No. H-15-2762 (S.D. Tex. Oct. 1, 2015) (dismissed as frivolous);  (2) *Peters v. Texas Medical Board*, Civil No. H-15-2858 (S.D. Tex. Oct. 8, 2015) (dismissed as frivolous and for failure to state a claim);  and (3) *Peters v. Texas Children's Hospital et al.*, Civil No. H-15-2900 (S.D. Tex. Oct. 6, 2015) (dismissed as malicious and for failure to state a claim).  Thus, Peters has accumulated at least three strikes prior to filing the present action.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015) (holding that a prior dismissal on one of the grounds enumerated in § 1915(g) counts as a strike even if the dismissal is the subject of an ongoing appeal).

The pleadings in this case do not show that Peters is under imminent danger of serious physical injury or that he fits within the exception found in 28 U.S.C. § 1915(g).  Because Peters is not eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by § 1915(g).

## II.    CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1.   This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

2.   Plaintiff may move to reopen this case only if he pays the filing fee ($400.00) within thirty days of the date of this order.

**The Clerk will provide copies of this order to the parties; to the TDCJ -**

**Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention:  Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on _____October 15_____, 2015.

*[signature]*

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE